UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GLEN PLOURDE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:24-cv-00291-LEW |
| | ) | |
| KEN MASON, et al., | ) | |
| | ) | |
| Defendants | ) | |

### RECOMMENDED DECISION AFTER REVIEW
### OF PLAINTIFF'S COMPLAINT

Plaintiff seeks to recover damages allegedly resulting from Defendants' failure to respond to Plaintiff's reports of criminal activity. (Complaint, ECF No. 1.) Plaintiff also filed a motion to proceed without payment of fees, which motion the Court granted. (Motion, ECF No. 4; Order, ECF No. 6.)

In accordance with the statute governing actions filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

**FACTUAL BACKGROUND**

Plaintiff alleges that he has filed numerous reports describing criminal acts committed against him with the Kennebec County Sheriff's Office (KCSO). (Complaint ¶ 75, ECF No. 1.) The reports were filed on August 15, 2018; August 20, 2018; August 22, 2018; August 24, 2018; August 31, 2018; September 7, 2018; September 14, 2018; September 26, 2018; and October 5, 2018. (*Id.*) Plaintiff asserts that the KCSO and the other defendants did not contact him about the events described in his reports nor do

anything to assist Plaintiff. (*Id.* ¶¶ 76, 78.) Based on this alleged inaction, Plaintiff seeks to assert federal and state claims against Kennebec County,[1] the KCSO, Kennebec County Commissioner George Jabar II, KCSO Office Manager Tom Feeney, and Kennebec County Sheriff Ken Mason.[2] Defendants Jabar, Feeney, and Mason are sued in their individual capacities. (*Id.* ¶ 101.)

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to § 1915, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

---

[1] "[A] plaintiff seeking to impose liability on a municipality under § 1983 . . . [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. Of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). In his complaint, Plaintiff does not identify a specific policy or custom of Kennebec County but instead states that he expects evidence of such a policy or custom to be uncovered during discovery. (Complaint ¶ 54.) Because Plaintiff also names county employees in their individual capacity as defendants, I address whether Plaintiff's allegations are sufficient to allege a constitutional violation regardless of whether he has alleged a claim of municipal liability.

[2] The claims against Defendants KCSO, Jabar, Feeney, and Mason, might be barred or limited by qualified immunity. *Cf. Pearson v. Callahan*, 555 U.S. 223, 231 (2009) ("[Q]ualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."). Because I conclude that Plaintiff has not alleged a constitutional violation (see below), I do not reach the question of qualified immunity.

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

### DISCUSSION

Plaintiff, citing 42 U.S.C. § 1983 and 5 M.R.S. § 4682 as authority for his claims, alleges Defendants violated his rights secured by the Fifth and Fourteenth Amendments to the United States Constitution and Section 6-A of the Maine State Constitution.

**A.    Plaintiff's Federal Claims**

Plaintiff cites 42 U.S.C. § 1983 as a basis for this Court's jurisdiction. Pursuant to the federal civil rights statute:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

3

42 U.S.C. § 1983.

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

Plaintiff alleges that Defendants' conduct was under color of state law. The issue is whether Plaintiff has alleged sufficient facts to assert an actionable claim based on the denial of rights secured to him under the Constitution.

### 1.     Fifth Amendment

The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property without due process of law. . . ." U.S. Const. amend. V. "The Fifth Amendment Due Process Clause . . . applies 'only to actions of the federal government—not to those of state or local governments." *Martinez-Rivera v. Sanchez Ramos*, 498 F.3d 3, 8 (1st Cir. 2007) (quoting *Lee v. City of Loss Angeles*, 250 F.3d 668, 687 (9th Cir. 2001). Because none of the defendants in this case is a federal actor, Plaintiff has not alleged an actionable claim under the Fifth Amendment.

## 2. Fourteenth Amendment

### a. *Due Process Claim*

The Fourteenth Amendment's Due Process Clause prohibits state deprivations of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Supreme Court explained in *DeShaney v. Winnebago County Department of Social Services* that the Due Process Clause does not

> require[] the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure those interests do not come to harm through other means. . . . [The Due Process Clause's] purpose was to protect people from the State, not to ensure that the State protected them from each other. The Framers were content to leave the extent of governmental obligation in the latter area to the democratic political process. Consistent with these principles, [] cases have recognized that the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual. . . . If the Due Process Clause does not require the State to provide its citizens with particular protective services, it follows that the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them. As a general matter then, we conclude that a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause.

*DeShaney v. Winnebago Cty. Dept. of Soc. Servs.*, 489 U.S. 189, 195–96 (1989) (using State to refer "generically to state and local governmental entities and their agents."); *see also Warren v. District of Columbia*, 444 A.2d 1, 4 (D.C. App. 1981) (affirming lower court's holding recognizing "the well-established rule that official police personnel and the

government employing them are not generally liable to victims of criminal acts for failure to provide adequate police protection.").

Here, Plaintiff alleges a Fourteenth Amendment violation based on Defendants' inaction in response to his complaints about criminal activity perpetrated against him. Under the reasoning of *DeShaney*, Plaintiff's allegations do not support a due process claim. *See Stow v. Sloper*, No. 18-cv-1108-LM, 2020 WL 1516557, at *1 (D.N.H. Jan. 3, 2020), *rec'd dec. aff'd*, 2020 WL 1517062 (D.N.H. Mar. 27, 2020) ("There is no cause of action under 42 U.S.C. § 1983 for the failure to investigate a crime, as there is no federal constitutional right to have criminal wrongdoers investigated or brought to justice.") (citing *Linda R. S. v. Richard D.*, 410 U.S. 614 (1973)).

### b. Equal Protection Claim

The Fourteenth Amendment provides under the Equal Protection Clause that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. For a plaintiff to allege a claim under the Equal Protection Clause, the plaintiff must establish that she or he was "treated differently from others similarly situated." *Estate of Bennett v. Wainwright*, 548 F.3d 155, 166 (1st Cir. 2008) (affirming grant of summary judgment on Equal Protection claim when plaintiff's pleadings did not compare treatment of plaintiff to treatment of any person similarly situated); *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *see Vill. of Willowbrook v. Olech*, 538 U.S. 562, 564 (2000); *Santos v. Fed. Emergency Mgmt. Agency*, 327 F. Supp. 3d 328, 341 (D. Mass. 2018). This requirement "demands more than lip service" and "is meant to be 'a very significant burden." *Cordi-Allen v. Conlon*, 494 F.3d

245, 251 (1st Cir. 2007) (quoting *Discovery House, Inc. v. Consol. City of Indianapolis*, 319 F.3d 277, 283 (7th Cir. 2003)); *see Barrington Cove Ltd. P'ship v. R.I. Hous. And Mortg. Fin. Corp*, 246 F.3d 1, 8 (1st Cir. 2001) (affirming Rule 12(b)(6) dismissal because plaintiffs failed the "similarly situated" test).

Plaintiff asserts that he was intentionally treated differently from other residents of Kennebec County seeking police assistance. (Complaint ¶ 52.) Plaintiff's relevant allegations are conclusory; he does not allege any facts that would support the disparate treatment necessary to support an equal protection claim.[3]

## B. Plaintiff's State Law Claims

5 M.R.S. § 4682 is the Maine analogue to 42 U.S.C. § 1983. *Cohen ex rel. Cohen v. City of Portland*, 110 F.4th 400, 404 (1st Cir. 2024). "The disposition of a [section] 1983 claim also controls a claim under the [analogous Maine statute]." *Id.* (quoting *Berube v. Conley*, 506 F.3d 79, 85 (1st Cir. 2007)). Therefore, the above analyses apply to any claims brought under 5 M.R.S. 4682 alleging violations of the Fifth and Fourteenth

---

[3] Even if Plaintiff had alleged enough facts to support a finding that he was treated differently from similarly situated individuals, Plaintiff's allegations would likely not allege an actionable equal protection claim. If Plaintiff had an equal protection claim, the claim would undoubtedly be a "class of one" claim. *See Snyder v. Gaudet*, 756 F.3d 30, 34 (1st Cir. 2014) (When an individual alleges the government singled that person out for reasons unique to the person, rather than for the person's membership in any group, that "class of one" claim requires the individual to show that he or she was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment") (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)). In *Engquist v. Oregon Department of Agriculture*, the Supreme Court held that class of one claims do not apply to "forms of state action . . . which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments." 553 U.S. 591, 603 (2008) (holding class of one claim not applicable to public employment); *see also Cousins v. Higgins*, No. 1:14-cv-515-DBH, 2015 WL 3755272, at *5 (D. Me. June 15, 2015) (holding class of one claim not applicable to response of firefighters to ongoing fire). Given law enforcement's discretion to decide whether and how to respond to the complaints it receives, Plaintiff has not alleged and would likely be unable to allege facts that would support an actionable class of one claim.

Amendments to the U.S. Constitution. Because Plaintiff has not alleged an actionable claim based on the violation of a federal right or law, Plaintiff cannot proceed on his claims based on an alleged violation of the Maine State Constitution.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, I recommend the Court dismiss the matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of October, 2024.