UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

GLEN PLOURDE,                    )
                                 )
        Plaintiff                )
                                 )
    v.                           )        1:24-cv-00291-LEW
                                 )
KEN MASON et al.,                )
                                 )
        Defendants               )

**ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT
AND SUPPLEMENTAL RECOMMENDED DECISION**

Following a preliminary review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, I recommended the Court dismiss the matter. (Recommended Decision, ECF No. 8.) Plaintiff subsequently filed an objection to the Recommended Decision (Objection, ECF No. 15) and a motion for leave to amend the complaint. (Motion, ECF No. 16.) After consideration of Plaintiff's motion, I grant the motion to amend and reiterate my recommendation that the Court dismiss the matter.

**DISCUSSION**

"A party may amend its pleading once as a matter of course" within twenty-one days of serving it. Fed. R. Civ. P. 15(a)(1). Because the defendants have not been served with the complaint and because Plaintiff has not previously amended the complaint, Plaintiff is entitled to amend his complaint. The amended complaint, therefore, is accepted for filing.

As in the original complaint, the gravamen of Plaintiff's amended complaint is that he made multiple complaints of criminal conduct to law enforcement, but law enforcement

did not investigate the conduct. The question is whether the amended complaint adequately addresses the concerns identified in the Recommended Decision.

**A.      Equal Protection Claim**

In the Recommended Decision, I found that Plaintiff had failed to allege an actionable Equal Protection Claim because he had not alleged any facts that would support a finding of disparate treatment. (Recommended Decision at 7.) In the amended complaint, Plaintiff includes more allegations in support of his equal protection claim. The circumstances Plaintiff cites in support of his equal protection claim involve law enforcement's lack of response to complaints of conduct by his landlord. Plaintiff alleges that the Kennebec County Sheriff's Office (KSO) responded to complaints of another "similarly situated" tenant but did not respond to his complaints. (Amended Complaint ¶ 53, ECF No. 16-1.)

The evaluation of an equal protection claim begins with consideration of two issues: (1) whether "the person, compared with others similarly situated, was selectively treated"; and, if so, (2) whether "such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Rubinovitz v. Rogato*, 60 F.3d 906, 910 (1st Cir. 1995) (quoting *Yerardi's Moody St. Rest. & Lounge, Inc. v. Bd. of Selectmen*, 878 F.2d 16, 21 (1st Cir. 1989)). Plaintiff has alleged no facts that would suggest that the KSO's conduct was based on an impermissible basis such as race or religion. Plaintiff's allegations do not support his contention that he is a member of a suspect class.

2

When an individual alleges the government singled that person out for reasons unique to the person, rather than for the person's membership in any group, that "class of one" claim requires the individual to show that he or she was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Snyder v. Gaudet*, 756 F.3d 30, 34 (1st Cir. 2014) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).  Plaintiff, however, has not alleged an actionable class of one claim.

First, Plaintiff's allegations regarding the other tenant are conclusory and are insufficient to support a finding that the other tenant was similarly situated for purposes of an equal protection claim.  In addition, and more importantly, class of one claims do not apply to "forms of state action . . . which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments." *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 602 (2008) (holding class of one claim not applicable to public employment); *see also Cousins v. Higgins*, No. 1:14-cv-515-DBH, 2015 WL 3755272, at *5 (D. Me. June 15, 2015) (holding class of one claim not applicable to response of firefighters to ongoing fire).  Law enforcement has broad discretion to decide whether and how to respond to the complaints it receives.

## B.    Claim against Brian MacMaster

Plaintiff seeks to add Brian MacMaster, the former Chief of Investigations for the Maine Office of the Attorney General, as a defendant. (Amended Complaint ¶ 7.) According to Plaintiff, in response to materials Plaintiff sent to Mr. MacMaster's office about alleged inaction by the KSO, Mr. MacMaster declined to assist and stated in part that

his office had "no authority or control over the operations of law enforcement agencies in this state." (*Id.* ¶ 72.)  As discussed in the Recommended Decision, governmental inaction like Plaintiff has alleged cannot support a due process claim.  (*See* Recommended Decision at 5–6); *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195–96 (1989). Additionally, Plaintiff has not alleged sufficient facts to support an Equal Protection claim against Mr. MacMaster.

CONCLUSION

For the reasons discussed above, I grant Plaintiff's motion to amend his complaint. Based on the foregoing analysis and the analysis set forth in the original Recommended Decision, I recommend the Court dismiss the mater.

**NOTICE**

Any objections to the order on motion to amend shall be filed in accordance with Federal Rule of Civil Procedure 72.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison<br>U.S. Magistrate Judge

Dated this 25th day of November, 2024.