UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| GLEN PLOURDE,<br><br>    Plaintiff<br><br>    v.<br><br>KENNEBEC COUNTY SHERIFF'S OFFICE, et al.,<br><br>    Defendants | No. 1:24-cv-00291-LEW |

**ORDER AFFIRMING RECOMMENDED DECISION, GRANTING MOTIONS TO AMEND, DISMISSING CASE, AND ENJOINING THE FILING OF <u>FURTHER CASES WITHOUT ADVANCE JUDICIAL AUTHORIZATION</u>**

Between August 15, 2018, and October 5, 2018, Plaintiff Glen Plourde filed nine police reports with the Kennebec County Sheriff's Office. Evidently the reports concerned happenings at Plaintiff's then residence, though apparently they also related to Plaintiff's contention that he was "tortured by the Government" a year or two prior and sought "a referral to the International Red Cross" for "impartial medical testing and treatment." Proposed Second Am. Compl. ¶¶ 1-54. As alleged, the Sheriff's Office was not responsive to Plaintiff's reports and eventually informed Plaintiff that they would not accept more reports from him. Although the Sheriff's Office was not responsive to Plaintiff, it was aware of a conflict at Plaintiff's residence involving another tenant in the building and responded at some point, presumably after the other tenant's request for assistance. Regardless, it is apparent that both sides were heard in the dispute between tenants and the matter between them eventually ripened into charges and protection from harassment proceedings. *Id.* ¶¶ 89-91.

Plaintiff suspects that what he considers unfair treatment by the Sheriff's Office (and others) is the result of his disclosure that he was once tortured by the Government. *Id.* ¶ 54.

Plaintiff sought assistance from state and county officials, and allegedly the FBI, to try to make the Sheriff's Office respond to his reports, but to no avail. *Id.* ¶ 71. One such official, Kennebec County Commissioner and practicing attorney George Jabar, was at that time representing Plaintiff's landlord in eviction proceedings against Plaintiff. *Id.* ¶ 77. Plaintiff claims that Attorney Jabar, allegedly in cahoots with the presiding state court judge, was seeking to evict Plaintiff so that International Red Cross flags that Plaintiff was displaying at his residence could be removed. Based on the list of defendants named in his Complaint, in Plaintiff's view nearly everyone with law enforcement authority in Kennebec County has conspired to deprive him of his supposed affirmative right to be helped rather than hindered by law enforcement. *Id.* ¶¶ 82-85.

On October 4, 2024, United States Magistrate Judge John C. Nivison filed with the Court, with copies to Plaintiff his Recommended Decision on Plaintiff's Complaint (ECF No. 8). Judge Nivison explained the shortcomings in Plaintiff's factual allegations and legal theories and recommended that the case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). After being granted extensions, Plaintiff filed an Objection to the Recommended Decision (ECF No. 15), along with a Motion to Amend Complaint (ECF No. 16). Magistrate Judge Nivison granted leave to amend the complaint, screened the amended pleadings, and again recommended that the case be dismissed. Order on Motion to Amend Complaint and Supplemental Recommended Decision (ECF No. 17). After again being granted several extensions, Plaintiff filed an Objection on January 17, 2025 (ECF No. 33), along with a Motion to File Second Amended Complaint (ECF No. 34). On January 21, he filed a Motion to Amend Proposed Second Amended Complaint (ECF No. 36). Then on February 12, he filed a Motion to (further) Amend Proposed Second Amended Complaint (ECF No. 37).

In the course of his filings, Plaintiff appears to have abandoned several of the claims he asserted in his original Complaint. However, he has also added new parties, including the State of

2

Maine. Despite the potential waiver of certain claims screened by Judge Nivison, I have reviewed and considered the Recommended Decision on the original complaint, the Supplemental Recommended Decision on the amended complaint, and the entire record associated with the same, and have made a *de novo* determination of the matters adjudicated by Judge Nivison in his first Recommended Decision and in his Supplemental Recommended Decision. I concur with the recommendations of the United States Magistrate Judge and dismiss the claims for the reasons recommended. It is therefore **ORDERED** that the Recommended Decision (ECF No. 8) and Supplemental Recommended Decision (ECF No. 17) of the Magistrate Judge are hereby **ADOPTED**.

As for Plaintiff's more recent Motion to File Second Amended Complaint (ECF No. 34), Motion to Amend Proposed Second Amended Complaint (ECF No. 36), and further Motion to Amend Proposed Second Amended Complaint (ECF No. 37), these motions are summarily granted, but the case is, nonetheless, dismissed for failure to state a plausible claim of relief. Plaintiff's new claim of a conspiracy on the part of all of the defendants to deprive him of procedural and substantive due process seemingly asks this Court to review the merits of the state court matters discussed in Plaintiff's pleadings, which would be improper. *Donovan v. Fowle*, 762 F. Supp. 2d 186, 196 (D. Me. 2011).[1] But even if that is not his request, the allegations do not give rise to a procedural due process claim. By all appearances, Plaintiff had notice and an opportunity to be heard in the context of his state court matters. *Herwins v. City of Revere*, 163 F.3d 15, 18 (1st Cir. 1998). And if Plaintiff believes he has a procedural due process right to beneficent police intervention I am unaware of any authority for that proposition. Furthermore, Plaintiff does not have a substantive due process claim. Executive action will only give rise to a

---

[1] Additionally, it is not evident that the Defendants are responsible for ensuring that Plaintiff receives due process in state court proceedings.

substantive due process violation where the action is arbitrary or conscience-shocking in a constitutional sense, such as acts involving an abusive or brutal exercise of power for purposes of oppression. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998). Defendants' alleged failure to act at Plaintiff's behest does not rise to that level.

Finally, it is apparent from a review of Plaintiff's allegations and other cases he has filed in this Court that the inferences upon which he often relies to assert claims against government actors and others are more paranoid than plausible, and that his allegations typically suppose large-scale conspiracies involving government and private actors. I have twice issued orders warning Plaintiff that filing restrictions may be in the offing based on such allegations. *See* Order of Dismissal, *Plourde v State of Maine*, No. 1:20-cv-00137-LEW (ECF No. 8) (citing *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993), and taking notice of prior dismissals in *Plourde v. United States and State of Maine*, 1:19-cv-00486-JAW (ECF No. 11) (partial dismissal), and *Plourde v. United States*, 2:19-cv-00532-JAW (ECF No. 24); *see also* Order of Dismissal, *Plourde v. State of Maine*, No. 1:20-cv-00149-LEW (ECF No. 8) (also citing *Cok* and pointing out the same prior dismissals). Like myself, Judge John Woodcock and Magistrate Judge John Nivison have also concluded Plaintiff's pleadings in other matters may fairly be characterized as implausible in the irrational sense, citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

At the same time, Plaintiff has managed to assert some plausible claims in this Court, including in case number 1:19-cv-00486 and case number 1:23-cv-00323. Then again, there is another case in which the Court has given Plaintiff leeway to attempt to develop claims that were rather outlandish, only to eventually dismiss his case after the review of five amended complaints and the accumulation of sixty-plus docket entries, all without a single defendant ever being served. *See Plourde v. Redington Fairview General Hosp.*, 1:20-cv-00011-JAW. In a somewhat similarly themed case against another care provider, who like Redington Fairview appears to have

4

encountered Plaintiff as a result of a mental health crisis, Plaintiff alleged coerced treatment at the direction of the Federal Government or the FBI. *Plourde v. Northern Light Acadia Hospital*, 1:20-cv-00043-JAW. There, like in *Redington Fairview* and this case, Plaintiff has basically used the Court's docket as a drafting platform to revise his pleadings over the course of several months, consuming a considerable amount of the time of judicial officers and Clerk's Office staff that could be better spent elsewhere.[2] Given these patterns and predilections on the part of Plaintiff, I conclude that a filing restriction is warranted so that the Court can review and consider his future cases in a less formal fashion than has been observed to date, docketing and advancing only those matters that warrant service on a defendant, without engaging with Plaintiff in the back and forth of screening recommendations, objections, and serial motions to amend.

## CONCLUSION

The Recommended Decision (ECF No. 8) and Supplemental Recommended Decision (ECF No. 17) of the Magistrate Judge are hereby ADOPTED. Plaintiff's Motion to File Second Amended Complaint (ECF No. 34), Motion to Amend Proposed Second Amended Complaint (ECF No. 36), and further Motion to Amend Proposed Second Amended Complaint (ECF No. 37), are summarily GRANTED. Following review of the amendments, the case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

A *Cok* order is issued against Glen Plourde to bar proceedings on any future cases without advance permission. The Clerk of this Court is directed to refuse to file or docket, without a prior order of this Court, any pleadings or paper submitted by or on behalf of Glen Plourde. This order

---

[2] In another recent matter filed by Plaintiff in this Court, Plaintiff abandoned claims voluntarily after receiving a screening decision that recommended dismissal of his claims against Penobscot County officers who failed to effectuate proper service upon persons Plaintiff sought to sue. *Plourde v. Kinley*, 1:24-cv-00198-LEW. While it is commendable that Plaintiff would abandon a case after reviewing a decision that explains why his claims are not viable, the *Kinley* matter is still emblematic of an overly litigious individual who seems to want to turn every interaction with law enforcement into a federal case.

does not apply to any matters currently pending in this Court. If Glen Plourde wishes to appeal this Order, he shall file a paper notice of appeal with the Clerk's Office of this Court within the time allowed by the Federal Rules of Appellate Procedure.

**SO ORDERED.**

Dated this 19th day of February, 2025.

>  /s/ Lance E. Walker
>  Chief U.S. District Judge